## STOKEM v. ERIE R. CO.

Circuit Court of Appeals, Third Circuit.
January 11, 1929.

No. 3956.

John W. McGeehan, Jr., and Luke Kiernan, Jr., both of Newark, N. J., for appellant.

Hobart & Minard, of Newark, N. J. (George S. Hobart and John E. Selser, both of Newark, N. J., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case is confused by the alleged issue of whether the deceased stopped before attempting to cross the track. We must accept as a fact that he did stop, and looked and listened when he stopped. This was at a point 10 to 15 feet back of the main track. The question is, not what he did when he stopped, but what he did or failed to do after he again started. His outlook was then clear, as shown by the photographs, to see an ap-

proaching train at any time from the place he stopped until he reached the track, where he was struck. Indeed, one of the plaintiff's witnesses testified that from a point near a tree, which was farther distant than the automobile, he saw the approaching train when it was six or seven hundred feet from the crossing. But one inference can be drawn from the proofs, that is, that the driver, after the initial stop, attempted to make the crossing without looking for an approaching train. In view of this manifest lack of care on the part of the deceased, Judge Bodine was justified in granting a nonsuit on the ground of contributory negligence, for the lack of care that is due under the circumstances is but another name for contributory negligence.